The Judges pronounced their opinions.
JUDGE ROANE.
The question in this case is, whether the District Court rightly received the plea in question, on setting aside an office judgment. It is a plea, stating that the defendant was a resident of another District, and that the debt sued for was not contracted in the District in which the action was brought: it is also sworn to. It is, therefore, emphatically, a plea in abatement, and was so admitted to be by the defendant himself, by his having sworn to it: it is merely dilatory, and does not go at all to the justice of the demand. I have no hesitation to say, that a plea of this character is inadmissible on setting aside an office judgment, under the provisions 'of our act of Assembly upon that subject. My reasons for this opinion were given at large in the case of Hunt v. Wilkinson, (e) and I shall not repeat them.' Although that opinion was in conflict with that of a majority of the Judges, in relation to the case then before the Court, nothing then said by the Court, or by the majority of the Judges, went the length of affirming, that pleas in abatement of every description, were admissible on setting aside an office judgment, or pleas of the particular character of the one now before us. In that case, the matter 287 *pleaded happened after the office judgment was rendered; andón that ground the opinions of most of the Judges was predicated, and, perhaps, from the necessity of the case, may stand justified. That decision, however, is no authority in this case, where the matter of abatement was coeval (at least) with the institution of the suit, and the plea stating that matter, was actually sworn to within three days after the emanation of the writ. I am therefore of opinion, that the District Court erred in receiving this plea, and that the judgment should be reversed, and the cause remanded for farther proceedings.
JUDGE FLEMING,
(after stating the case.) It seems to me that the plea in abatement was improperly admitted on setting aside the office judgment, which, by the 28th section of the District Court Law, could only be done on the defendant’s pleading to issue immediately.
The case of Hunt v. Wilkinson differs essentially from the one before us. That was a plea puis darrein continuance, the cause of which arose after the office judgment had been entered, to wit, the appearance of the will, and new administration granted with the will annexed.
Judgment reversed; proceedings subsequent to the entry of judgment in the Clerk’s office set aside; and cause remanded for farther proceedings.
JUDGE TUCKER
did not sit in this cause, having signed the bill of exceptions in the District Court. He did it to settle the practice which had been different from the present decision of this Court; and expressed his entire concurrence with the decision.

 2 Call, 49.